UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

January 31, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Kaitlyn R. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-1010-BAH

Dear Counsel:

On April 26, 2022, Plaintiff Kaitlyn R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, and the parties' cross-motions for summary judgment, ECFs 11 and 14.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 27, 2019, alleging a disability onset of February 14, 2017.[2] Tr. 15, 213–33, 236–51. Plaintiff's claims were denied initially and on reconsideration. Tr. 109–16, 119–26. On September 16, 2021, an

---

[1] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because the motions in this case were filed prior to the effective date of the Standing Order, the Court will refer to them as motions for summary judgment.

[2] Both parties and the ALJ list December 27, 2019, as the application date for both Plaintiff's SSI and DIB claims. Tr. 15; ECF 11-1, at 1 (citing Tr. 213–51); ECF 14-1, at 1 (citing Tr. 57–58). The Court notes, however, that Plaintiff's handwritten SSI application is dated December 12, 2019, Tr. 213–33, the SSI application summary lists January 20, 2020, as the application date, Tr. 236–44, and the DIB application summary lists January 22, 2020, as the application date, Tr. 245–51. Because both parties and the ALJ use December 27, 2019, as the application date for both claims, the Court will do so as well.

*Kaitlyn R. v. Kijakazi*
Civil No. 22-1010-BAH
January 31, 2023
Page 2

Administrative Law Judge ("ALJ") held a hearing. Tr. 34–56. Following the hearing, on September 28, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 12–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 14, 2017, the alleged onset date." Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, insomnia disorder, major depressive disorder, post-traumatic stress disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, and bipolar disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "asthma, hypertension, migraines, obstructive sleep apnea, chronic otitis media (ear infections), and dyslexia." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. The claimant can never be exposed hazards such as dangerous moving machinery and unprotected heights. The claimant is limited to no work involving driving a motor vehicle. The claimant can understand, remember and carry out simple instructions and make simple work-related decisions. The claimant can work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. The claimant can

---

[3] 42 U.S.C. §§ 301 et seq.

> tolerate occasional interaction with coworkers and supervisors and the public. The claimant can tolerate occasional changes in work setting.

Tr. 22. The ALJ determined that Plaintiff has no past relevant work but could perform other jobs that existed in significant numbers in the national economy such as document preparer (DOT Code 249.587-018),[4] addresser (DOT Code 209.587-010), or final assembler (DOT Code 713.687-018). Tr. 27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27–28.

### III.  LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises one overarching argument on appeal: that the ALJ's RFC failed to reflect all of Plaintiff's "substantiated limitations." ECF 11-1, at 11–13. Specifically, Plaintiff argues

---

[4] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

that "it is unconscionable for the ALJ to find that [Plaintiff] can sit six hours in an eight-hour work day considering she weighs over 500 pounds." *Id.* at 12 (citations omitted). Further, Plaintiff argues that "[f]ailing to include non-exertional limitations, including an off-task limitation, in the RFC undermines the basis for an ALJ's denial." *Id.* at 13 (citing *Mascio*, 780 F.3d at 632). Plaintiff's arguments that both her physical and mental impairments necessitate a more restrictive RFC rely in large part on the medical opinions of Plaintiff's primary care provider, Teri O'Neil, CRNP. *Id.* at 12–13. Defendant counters that the ALJ's RFC is supported by substantial evidence because the ALJ reasonably assessed Plaintiff's physical and mental impairments, and properly evaluated the medical opinions in the record. ECF 14-1, at 5–14.

"'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636. In *Mascio*, the Fourth Circuit held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)). "While there is no requirement that each impairment correlate with the particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence." *Larry J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3252; 2021 WL 4170250, at *2 (D. Md. Sept. 14, 2021) (citing *Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013)).

Plaintiff points to numerous pieces of evidence, including Plaintiff's testimony and Ms. O'Neil's medical opinion, in support of her argument that the RFC does not include sufficient exertional limitations to account for Plaintiff's obesity. ECF 11-1, at 12 (citing Tr. 47–49, 534, 717–25). As noted, the ALJ found Plaintiff's obesity to be a severe impairment. Tr. 18. The ALJ accounted for the obesity in the RFC by limiting Plaintiff to sedentary work with additional exertional limitations. Tr. 21–22. It is also clear that, in formulating the RFC, the ALJ considered the very same evidence Plaintiff now points to in support of a more restrictive RFC. *See* Tr. 23 (citing, *inter alia*, Tr. 534). Thus, the argument amounts to a request to reweigh the evidence.

"This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fisk v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoiting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, I find that the ALJ's analysis regarding Plaintiff's physical limitations is supported by substantial evidence.

Similarly, Plaintiff directs the Court's attention to numerous citations in the record documenting Plaintiff's symptoms that Plaintiff believes would support a more restrictive RFC (namely, one that includes an off-task limitation) including "disturbances in concentration; trouble sleeping; feelings of helplessness and hopelessness; low self-esteem; excessive anxiety and worry resulting in panic attacks; nightmares and flashbacks associated with past traumatic events; an exaggerated startle response; intrusive, distressing thoughts; social withdraw; an inability to leave her house; racing thoughts; worsening depression; anger outbursts; and mood swings." ECF 11-1, at 13. The ALJ found Plaintiff's major depressive disorder, post-traumatic stress disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, and bipolar disorder to be severe impairments. Tr. 18. The ALJ further found that Plaintiff had moderate limitations in three of the four broad mental functioning areas including (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentrating, persisting or maintaining pace.[5] Tr. 20. The ALJ considered the longitudinal history of Plaintiff's mental health treatment in formulating the RFC, citing to the record and including non-exertional limitations in the RFC to address Plaintiff's mental impairments.[6] Tr. 22–26. Just as with Plaintiff's argument that the RFC did not sufficiently address her obesity, this argument amounts to a request to reweigh the evidence. Because I am not permitted to substitute my judgment for that of the ALJ and because the ALJ's analysis is supported by substantial evidence, remand is not warranted on this point.

Nor is remand warranted based on the ALJ's evaluation of Ms. O'Neil's medical opinions. Plaintiff asserts that the ALJ improperly rejected Ms. O'Neil's opinions "limit[ing Plaintiff] to less than sedentary work in two very detailed medical source statements," ECF 11-1, at 12 (citing Tr. 717–25), and that Plaintiff "will have numerous 'marked' and 'extreme' limitations in concentrating, persisting, interacting socially and adapting," *id.* at 13 (citing Tr. 703–06). However, the ALJ is not required to adopt Ms. O'Neil's conclusions.

"For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, Civil No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c). An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record."

---

[5] The ALJ found that Plaintiff only had a mild limitation in adapting or managing oneself. Tr. 21.

[6] Any argument that remand is warranted under *Mascio* because the RFC does not include an off-task limitation is unavailing. The RFC includes an accommodation for Plaintiff's moderate limitation in concentrating, persisting, and maintaining pace in that it excludes jobs that require "a production rate pace such as on an assembly line or work involving monthly or hourly quotas" and in limiting her to jobs that require Plaintiff to "understand, remember and carry out simple instructions and make simple work-related decisions." Tr. 22. Thus, the ALJ did not run afoul *Mascio*, where the Fourth Circuit held that a moderate limitation in "concentration, persistence, or pace" must be accompanied by a limitation addressing the ability to "stay on task," or a detailed explanation as to why no such limitation is needed. *Mascio*, 780 F.3d at 638.

*Kaitlyn R. v. Kijakazi*
Civil No. 22-1010-BAH
January 31, 2023
Page 6

*Id.* (citing 20 C.F.R. § 404.1520c(b)).  Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions.  *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)).  Therefore, the ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the ALJ's] . . . decision."  *Id.*  Supportability generally refers to "the objective medical evidence and supporting explanations presented by a medical source . . . ."  *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)).  Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim."  *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

Here, the ALJ found Ms. O'Neil's August 24, 2021, mental capacity assessment "partially persuasive."  Tr. 25.  Though the ALJ noted that "it is generally consistent with and supported by the medical evidence of record," the ALJ concluded that the record "as a whole does not establish any marked limitations in mental functioning," contrary to Ms. O'Neil's conclusions.[7]  *Id.*  The ALJ cited to specific evidence in the record supporting only moderate limitations "in the areas of understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace."  Tr. 25–26.  The ALJ also found Ms. O'Neil's assessments regarding Plaintiff's physical impairments "not persuasive because they are not consistent with medical evidence of record nor the claimant's testimony."  Tr. 26.  Moreover, Ms. O'Neil presented little to no explanations for the conclusions in her assessments, a fact that weighs against any finding of persuasiveness by the ALJ.  Tr. 703–06, 717–25; *see* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) ("The more relevant the objective medical evidence and *supporting explanations* presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be.") (emphasis added).  Thus, I find that the ALJ's discussion of the supportability and consistency of Ms. O'Neil's medical opinions complied was proper.  Remand is not warranted here.

V.  **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 14, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

---

[7] Ms. O'Neil opined that Plaintiff had mostly "marked" limitations, with some "extreme" and "moderate" limitations.  Tr. 703–04.  It should be noted, however, that the check-the-box form Ms. O'Neil used defined "moderate," "marked," and "extreme" differently than the relevant regulations do.  For example, the form Ms. O'Neil used defines "marked" as "[t]he individual is unable to function in this area, two thirds of an eight hour workday."  Tr. 703.  By contrast, the regulations define a claimant as having a "marked limitation" when the individual's "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited."  20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ evaluated Plaintiff's impairments in the four broad mental functioning areas properly using the definition in the regulations.  Tr. 20.

*Kaitlyn R. v. Kijakazi*
Civil No. 22-1010-BAH
January 31, 2023
Page 7

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                           Sincerely,

                           /s/

                           Brendan A. Hurson
                           United States Magistrate Judge